AL:MTK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – –X

| | |
|---|---|
| UNITED STATES OF AMERICA | COMPLAINT AND AFFIDAVIT IN SUPPORT OF ARREST WARRANTS |
| - against - | |
| ANTHONY CATALDO, BILL FORD, and NICOLE MAUPIN, | (18 U.S.C. § 2118(b); 21 U.S.C. § 846) |
| Defendants. | |
| | 17 MJ 936 |

– – – – – – – – – – – – – – –X

EASTERN DISTRICT OF NEW YORK, SS:

TIM STEVENS, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

On or about August 22, 2017 within the Eastern District of New York and elsewhere, the defendant ANTHONY CATALDO, together with others, did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, which offense involved a substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

(Title 21, United States Code, Section 846)

On or about and between July 30, 2017 and August 22, 2017, within the Eastern District of New York and elsewhere, the defendants ANTHONY CATALDO, BILL FORD and NICOLE MAUPIN, together with others, did knowingly and intentionally enter,

attempt to enter, and remain in a business premises registered with the Drug Enforcement Administration under Section 302 of the Controlled Substances Act, without authority, with the intent to steal a quantity of one or more controlled substances, to wit: oxycodone, methylphenidate, hydrocodone-acetaminophen, hydromorphone and fentanyl, the replacement cost of which was not less than $500.

(Title 18, United States Code, Section 2118(b))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with FBI for approximately two years. I personally have participated in numerous investigations involving the importation and distribution of controlled substances. I am familiar with the facts and circumstances of this investigation set forth below from my own personal participation in the investigation, my review of documents, my training and experience, and from discussions with other law enforcement officers, including, but not limited to, other FBI agents and Nassau County Police Department ("NCPD") detectives. Statements attributable to individuals herein are set forth in sum and substance and in part, unless otherwise indicated.

### The July 30, 2017 Break-In

2. On or about July 30, 2017, the Transcript Pharmacy located at 87 Fulton Street, Farmingdale, New York (the "Transcript Pharmacy") was broken into and a quantity of controlled substances were stolen. NCPD officers were able to determine that the perpetrators cut the wires of the pharmacy's security system in an effort to avoid detection.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3. NCPD officers reviewed surveillance video outside of the pharmacy which showed an individual placing tape over the license plate of a vehicle prior to entering the rear of the pharmacy. Officers were able to determine that the vehicle was registered to the defendant ANTHONY CATALDO. The vehicle at the Transcript Pharmacy was driven by an individual later identified as the defendant NICOLE MAUPIN.

4. Following the Transcript Pharmacy burglary, NCPD officers secured a search warrant for location data associated with CATALDO's cellular telephone which allowed them to track his movements. Additionally, through phone connectivity the driver of the vehicle at the Transcript Pharmacy as the defendant NICOLE MAUPIN.

5. Following her arrest on August 22, 2017, MAUPIN waived her <u>Miranda</u> rights and agreed to provide a statement. MAUPIN stated, in sum and substance, the following:

 a. On or about July 30, 2017, at approximately 6:00 a.m., the defendants ANTHONY CATALDO and NICOLE MAUPIN traveled by car to the Transcript Pharmacy.

 b. While MAUPIN remained in the car, CATALDO pried open the rear door of the pharmacy and entered the building. CATALDO returned to the car carrying a large garbage can. CATALDO and MAUPIN fled the scene. CATALDO stated to MAUPIN that "he would take care of [MAUPIN] with the stuff he got."

6. NCPD officers were able to determine that CATALDO and MAUPIN stole over 4,500 prescription pills from the Transcript Pharmacy, including, but not limited to, hydrocodone-acetaminophen, hydromorphone and fentanyl, all Schedule II controlled substances.

### The August 22, 2017 Break-In

7. On or about August 22, 2017, the Rite Aid Pharmacy located at 5125 Merrick Road, Massapequa, New York (the "Rite Aid Pharmacy") was broken into and a quantity of controlled substances were stolen.

8. NCPD officers were able to track CATALDO's phone to the Rite Aid Pharmacy during the time period of the burglary. A review of surveillance video also showed CATALDO, MAUPIN and a third individual, later identified as the defendant BILL FORD, arrive at the Rite Aid Pharmacy at the approximate time of the burglary. The three individuals arrived in the vehicle that was previously identified as belonging to CATALDO.

9. As discussed above, later that day, NCPD officers arrested CATALDO. When NCPD officers arrived at MAUPIN's residence, an individual answered the front door holding clothes that matched the description of the third individual in the surveillance video from the Rite Aid Pharmacy. Officers subsequently identified this individual as the defendant BILL FORD.

10. Following his arrest on August 22, 2017, the defendant BILL FORD waived his Miranda rights and stated, in sum and substance, the following:

   a. On or about August 22, 2017, at approximately 5:45 a.m., the defendants ANTHONY CATALDO, BILL FORD and NICOLE MAUPIN traveled by car to the Rite Aid Pharmacy with the intent to steal controlled substances.

   b. While MAUPIN remained in a vehicle acting as a lookout, CATALDO and FORD pried open the rear door of the pharmacy and entered the building. FORD climbed to the roof to cut multiple electrical wires with the intent of damaging the pharmacy's security systems. During the course of the burglary, CATALDO and FORD

remained in contact with MAUPIN over two-way radios. Upon exiting the pharmacy, CATALDO, FORD and MAUPIN fled the scene.

   c. CATALDO, FORD and MAUPIN traveled to MAUPIN's apartment where they split up the stolen pills.

 11. After waiving her <u>Miranda</u> rights, the defendant NICOLE MAUPIN stated, in sum and substance, the following:

   a. MAUPIN was acting as a lookout for CATALDO and FORD during the burglary of the Rite Aid Pharmacy.

   b. MAUPIN was communicating with CATALDO and FORD during the burglary using two- way radios.

   c. CATALDO and FORD split up the pills at her residence.

 12. NCPD officers were able to determine that CATALDO and FORD stole approximately 3,000 prescription pills from the Rite Aid Pharmacy, including, but no limited to, oxycodone and methylphenidate, both Schedule II controlled substances.

## The Search of Residences

 13. On August 22, 2017, following her arrest, MAUPIN provided the NCPD with consent to search her residence. Officers subsequently discovered over 1,700 prescription pills hidden in MAUPIN's couch.

 14. On August 22, 2017, following his arrest at the residence of an acquaintance, a consent search of the premises discovered approximately 1,420 prescription pills and approximately 27 fentanyl transdermal patches located in a shed on the premises. Officers also discovered approximately thirteen ounces of substance that appeared to be methamphetamine. A subsequent field test confirmed the presence of methamphetamine. In

his post-arrest statement, CATALDO stated, in sum and substance, that the methamphetamine and the pills belonged to him.

15. I request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence and change patterns of behavior.

WHEREFORE, your deponent respectfully requests that the defendants ANTHONY CATALDO, BILL FORD and NICOLE MAUPIN be dealt with according to law.

_____
TIM STEVENS
Special Agent
Federal Bureau of Investigation

Sworn to before me this
30th day of October, 2017

_____
THE HONORABLE RAMON E. REYES, JR.
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK